# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HIT ENTERTAINMENT, INC., et al., | CASE NO. 06cv605 BTM(AJB) |
| Plaintiffs, | **ORDER DENYING MOTION FOR PARTIAL RECONSIDERATION** |
| vs. | |
| NATIONAL DISCOUNT COSTUME CO., INC., et al., | |
| Defendants. | |

## I. INTRODUCTION

Plaintiffs have filed a motion for partial reconsideration of the Court's Order Granting in Part and Denying in Part Motion for Summary Judgment ("Summary Judgment Order") filed on March 26, 2008. For the reasons discussed below, Plaintiffs' motion is **DENIED**.

## II. DISCUSSION

A. Timeliness of Motion

Defendants' procedural challenge to Plaintiffs' motion lacks merit. In this circuit, a court may correct its own error of law under the "mistake" component of Fed. R. Civ. P. 60(b)(1). A motion pursuant to Rule 60(b)(1) must be filed no more than a year after the entry of the order. Fed. R. Civ. P 60(c)(1). Therefore, Plaintiffs' motion is not untimely.

B. <u>Reconsideration of Trademark Claims</u>

Plaintiffs contend that the Court erred in finding that they had not presented evidence regarding who bought the allegedly infringing costumes, how the costumes were used, and what marketing channels were utilized. Plaintiffs claim that the Court overlooked uncontested evidence on these points. The Court disagrees.

In their motion for summary judgment, Plaintiffs claimed that the adult-size costumes at issue were sold to costume stores and entertainment companies for use at parties and other "live" theatrical appearances for children. Plaintiffs emphasized their concern that children would believe that adults wearing the knock-off costumes were the actual character.

Based on Plaintiffs' arguments, the Court understood that Plaintiffs' focus was on the likelihood of post-purchase confusion – i.e., confusion experienced by children or parents at the alleged parties and "live" events. See, e.g., <u>Karl Storz Endoscopy-America, Inc. v. Surgical Technologies, Inc.</u>, 285 F.3d 848, 854 (9th Cir. 2002) (explaining that post-purchase confusion – confusion on the part of someone other than the purchaser – can establish the required likelihood of confusion under the Lanham Act). Thus, the Court looked to what evidence there was regarding purchasers using the costumes to entertain young children and how these parties or other performances were marketed or advertised.

Courts do not consider the similarity of marks in the abstract, but, rather, "in light of the way the marks are encountered in the marketplace . . . ." <u>Lindy Pen Co. v. Bic Pen Corp.</u>, 725 F.2d 1240, 1245 (9th Cir. 1984). Therefore, it is important to consider the context in which the marks were encountered and who the audience was.

Here, although Plaintiffs claimed that the costumes were purchased by costume stores and entertainment companies who used them at parties and other live appearances for children, Plaintiffs did not present specific evidence that this was the case. Plaintiffs point to invoices (Ex. 25 to Weisz Decl.) which show that the allegedly infringing costumes were sold to companies with names such as Kidz Party, Suzy the Clown, Razzle Kidazzle, and My

Daddy's Entertainment.[1] Although one could surmise that companies with names like this might use the costumes at children's parties or other live appearances, no evidence was presented that this was actually the case. Plaintiffs reference the declarations of Roxanne D'Ambrosa and Joyce Slocum. However, these declarations do not set forth facts regarding how the costumes were being used.

Similarly, no evidence was presented regarding the marketing channels used to promote the alleged children's events. Plaintiffs argue that the Court should be looking at the marketing channels used by defendants themselves, not the marketing channels used by defendants' customers, However, as explained above, Plaintiffs were arguing post-purchase confusion, making the marketing by defendants' customers relevant.

Absent sufficient evidence that the costumes were being used in live performances for children, the Court determined that there was a triable issue with respect to the likelihood of confusion. Even if Plaintiffs are now claiming that Defendants' *direct* customers were likely to be confused by the knock-off costumes, the Court still finds that summary judgment is not warranted. As adults dealing in costumes and/or character items, Defendants' direct customers might know that there are no authorized adult costumes of protected characters such as Plaintiffs' and might have a more discerning eye regarding the authenticity of such products.

The Court reminds Plaintiffs that "[b]ecause of the intensely factual nature of trademark disputes, summary judgment is generally disfavored in the trademark arena." Jada Toys, Inc. v. Mattel, Inc., 518 F.3d 628, 632 (9th Cir. 2008). Considering all of the Sleekcraft factors, the Court concludes that there is a genuine issue of material fact regarding the likelihood of confusion.

C. Copyright Infringement

Plaintiffs do not claim that the Court overlooked any evidence in denying summary

---

[1] Other purchasers had more generic names such as Broadway Costumes, Imagination, Inc., LP Costumes, and Best Entertainment.

judgment on Plaintiffs' copyright claims. Instead, Plaintiffs just reassert their argument that there is substantial similarity between their protected characters and the allegedly infringing costumes, particularly with respect to the "Barney" characters. The Court remains convinced that the issue of intrinsic similarity must be decided by the jury.

D. Liability of Ai Quach

Again, Plaintiffs do not point out any evidence overlooked by the Court in connection with its denial of summary judgment against Ai Quach. Plaintiffs reiterate that the evidence shows that Ai Quach was involved in Costume Enterprises, Inc., during a portion of the relevant time period. However, as explained in the Court's Summary Judgment Order, in order for Quach to be held personally liable, there must be evidence that he was personally involved in the corporation's acts of infringement. Plaintiffs did not present evidence of Quach's active participation in any acts of infringement. Therefore, Plaintiffs did not, as they claim, make an initial showing that Quach was personally liable, and the burden of proof was not shifted to Quach.

### III. CONCLUSION

For the reasons discussed above, Plaintiffs' motion for reconsideration is **DENIED**.

**IT IS SO ORDERED.**

DATED: August 7, 2008

Honorable Barry Ted Moskowitz
United States District Judge